

FILED
SUPERIOR COURT
GUAM

2019 DEC 19 PM 1:25

CLERK OF COURT
By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0536-19 |
| | ) | |
| v. | ) | |
| | ) | DECISION & ORDER RE: PEOPLE'S |
| MARAK HARTMAN, | ) | MOTION TO DISMISS WITHOUT |
| DOB: 07/06/1992, | ) | PREJUDICE |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on the People's Motion to Dismiss Without Prejudice, filed on November 15, 2019. The People are represented by Chief Prosecutor J. Basil O'Mallan III. Defendant Marak Hartman ("Defendant") is represented by Attorney Peter Sablan of the Public Defender's Office. Defendant did not oppose the Motion. The Court heard oral argument on the Motion on November 21, 2019, after which the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the Local Rules of the Superior Court of Guam. After reviewing the Motion and having heard oral argument by both parties, the Court issues this DECISION and ORDER **GRANTING** the People's Motion to Dismiss Without Prejudice.

## Background

Defendant in the above captioned matter was charged with Criminal Mischief (As a Third Degree Felony). Indictment (Oct. 4, 2019). On September 26, 2019, Defendant allegedly damaged the motor vehicle of another individual. Magistrate's Complaint at 2 (Sep. 28, 2019). Ms. Margarita Delgado, Defendant's aunt, reported the incident to the police. *Id.* Ms. Delgado told the police that she initially did not want to file a formal complaint with the police after

Defendant allegedly damaged the car. *Id.* However, when Defendant returned to the premises, Ms. Delgado filed a formal complaint for the damage to the car. *Id.*

On November 15, 2019, the People filed the present Motion. People's Mot. to Dismiss Without Prejudice (Nov. 15, 2019). In the Motion, the People indicate that Ms. Delgado informed the People that she and Defendant had resolved their differences and "had reached an agreement for the [D]efendant to make any repairs to her vehicle that the [D]efendant caused." *Id.* Thus, the People requested that the Court dismiss the matter without prejudice. *Id.* Defendant did not file any response to the Motion.

The Court held oral argument on the Motion at a November 21, 2019 hearing. Minute Entry (Nov. 21, 2019). Defendant was not present at the hearing, yet Defendant's counsel waived his appearance at the hearing for the purpose of arguing the Motion. *Id.* At the hearing, both the People and Defendant's counsel asked the Court to grant the Motion. *Id.* The People read into the record a signed statement from Ms. Delgado. *Id.* at 10:10:06 – 10:10:35. In the statement, Ms. Delgado asserted that the vehicle in question did not belong to her, but rather Defendant's father-in-law. *Id.* Ms. Delgado indicated that the vehicle was returned to the owner. *Id.* Ms. Delgado further indicated that the owner of the vehicle stated that he would take care of the vehicle. *Id.* Ms. Delgado stated that she wishes to drop the case against Defendant. *Id.*

At the conclusion of the hearing, the Court took the matter under advisement.

### Discussion

#### A. *The matter cannot be dismissed under 8 GCA § 80.90.*

As an initial matter, the Court must indicate that the charge against Defendant cannot be dismissed due to a civil compromise between any alleged victim and Defendant. Under 8 GCA § 80.90, "[w]hen the defendant has been charged with the commission of an offense *which is not a felony* for which the person injured by the act constituting the offense has a remedy by a civil action" and "if the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received

satisfaction for the injury," then "the court may, upon payment of the costs incurred, order the criminal action dismissed." 8 GCA §§ 80.90(a)-(b) (emphasis added).

Defendant in this matter is charged with Criminal Mischief (As a Third Degree Felony). A plain reading of Section 80.90 indicates that only Misdemeanor charges may be compromised and dismissed through a civil agreement between alleged victims and defendants. Thus, if the only basis for dismissal is that Ms. Delgado and Defendant have reached a civil agreement regarding the damage to the car, the Court would deny the Motion.

Here, the People indicate in their Motion that Ms. Delgado and Defendant "had reached an agreement" regarding the damage to the car. This language reads similar to a civil compromise between the two parties. However, at the hearing on the Motion, Ms. Delgado indicated through her statement that she was not the owner of the vehicle, and that the true owner was now in possession of the vehicle. Ms. Delgado also stated that the owner would be taking care of the repairs to the vehicle.

Taking the People's Motion and Ms. Delgado's statement together, the Court does not believe that Ms. Delgado requested for dismissal of the matter because of a civil compromise between herself nor anyone else and Defendant. Rather, as it appears in the Magistrate's Complaint, Ms. Delgado never intended for this matter to go to court. Thus, because there exists a separate basis for dismissal of the matter other than a civil compromise, the Court is free to consider the Motion to Dismiss Without Prejudice under different grounds.

**B. Absent a showing of prosecutorial bad faith, the matter can be dismissed under 8 GCA § 80.70.**

When considering a Motion to Dismiss brought by the People under 8 GCA § 80.70(a), the Court adopts the "presumption that [the prosecutor] is acting in good faith and in the proper discharge of his duties." *People of Guam v. Gutierrez* 2005 Guam 19 ¶ 51 (quoting *U.S. v. Greater Blouse, Skirt & Neckwear Contractors Association*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964)). Defendant did not object to the People's oral Motion to Dismiss Without Prejudice. The record does not reflect any basis for finding the People's Motion is emblematic of any

harassment requiring judicial or statutory protection. *See Gutierrez* ¶ 49 (quoting *Rinaldi v. United States*, 432 US 22, 32 (1977) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objective.")).

Further, the timing of the Motion does not raise any suspicion for the Court. Jury Selection and Trial in this matter is not scheduled until November 18, 2020. The Motion to Dismiss comes nearly a year in advance of that date. Therefore, the Court is not concerned that the People are moving for dismissal in order to deprive Defendant the opportunity for vindication by an acquittal.

When the presumption of prosecutorial good faith stands, it can be "rebutted upon a showing of a lack of good faith." *U.S. v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982). However, when there is no showing of bad faith on behalf of the People, Guam Courts have adopted the nearly universal holding amongst Circuit Courts that a Motion to Dismiss should generally be granted as a matter of course. *Gutierrez* ¶ 52. *See also United States v. Dyal*, 868 F.2d 424, 428 (11th Cir. 1989) ("We conclude that, in the dismissal of an indictment, information or complaint under Rule 48(a), the government is entitled to a presumption of good-faith."); *Salinas*, 693 F.2d at 352 ("[T]his Court begins with the presumption that the prosecutor acted in good faith in moving to dismiss the first indictment."); *United States v. Palomares*, 119 F.3d 556, 560 (7th Cir. 1997) ("the United States attorney is entitled to a presumption that its motions to dismiss are grounded in good faith"); *United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988) ("[W]hen the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request.").

In this matter, Defendant did not present evidence of prosecutorial bad faith. Rather, Defendant asked the Court to grant the Motion. When the Court has no evidence of prosecutorial bad faith or even the allegation of such by Defendant, then it stands that the presumption of good faith alone "permits the [C]ourt to dismiss without prejudice." *People of Guam v. Flores*, 2009

Guam 22 ¶ 29 (quoting *U.S. v. Olson*, 846 F.2d 1103, 1114 (7th Cir. 1988)). With the good faith presumption unchallenged by Defendant, the statute generally limits the Court to "two options: grant or deny the motion to dismiss the indictment." *Gutierrez* ¶ 64 (quoting *Salinas*, 693 F.2d at 351).

Importantly, no prejudice will attach here with the Court granting the Motion. The law in Guam does not generally authorize "trial courts to *sua sponte* dismiss indictments with prejudice" when considering an 8 GCA § 80.70(a) Motion. *Gutierrez* ¶ 69. Any collateral prejudice suffered by Defendant due to a dismissal without prejudice may be cured in a separate expungement proceeding when appropriate. The Court in granting the instant Motion does not foreclose this remedy.

Because there has been no showing of prosecutorial bad faith, the presumption of good faith stands, and the People's Motion to Dismiss Without Prejudice is **GRANTED**.

**Conclusion and Order**

Based on the reasons provided above, the Court hereby ORDERS **CF0536-19** DISMISSED WITHOUT PREJUDICE pursuant to 8 GCA§ 80.70 upon the voluntary dismissal of the People. The Court vacates any conditional release orders and restrictions which Defendant is ordered to follow in this matter.

**DEC 18 2019**

SO ORDERED this _____.

_____
HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE _ .I COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of: J 2) PMSC

DEC 1 9 2019 e: 1:30
Deputy Clerk, Superior Court of Guam